**SKINNER & KENNEDY vs. WESTERN MARINE AND FIRE INSURANCE COMPANY.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Eastern Dis.
July, 1841.

SKINNER &
KENNEDY
vs.
WESTERN
MARINE & FIRE
INSURANCE CO.

Memorandum articles are liable to no constructive or total loss, so long as they continue of any value; although they are so damaged as to be rendered absolutely of no value, still if they remain *in specie*, or can be designated by the same name, the underwriters are not liable for a total loss.

So where a boat, loaded with pork in bulk, and some flour and beans, was partly destroyed by fire, but the bottom floated on to the port of destination, with about 11 per cent. of the cargo of pork, it being much roasted and barbacued, yet was recognized *as pork*. *Held* that the insurers were not liable as for a total loss.

This is an action on a valued policy of insurance on a cargo of pork in bulk, beans and flour, valued at $3480; the voyage commencing at Vicksburg and to continue until the flat-boat in which said cargo was shipped, landed safely, and moored in the port of New Orleans. On her way down she took fire about 10 leagues above the city and burnt nearly to the water's edge. The bottom however floated down with the pork in a damaged, barbacued condition, which was sold at nearly a total loss, and the plaintiffs, who are the insured, abandoned to the underwriters as for a total loss. They pray judgment for the value, to wit, $3480.

The defendants denied that there was such a cargo as was represented, but that it was made up with a view to defraud them; and no cargo of the value claimed ever existed, either before or at the time of the alleged loss by fire; and that said loss, if any, was occasioned by plaintiffs' fault and with a view to defraud them. They pray judgment in their favor.

On the issues thus made up, and the evidence showing the cargo, the value of which is claimed, to be composed of memorandum articles, and perishable; there was a verdict and judgment for the defendants, and the plaintiffs appealed.

*Grymes*, for the plaintiffs and appellants.

*Maybin*, for the appellees.

Eastern Dis.
July, 1841.

Bullard, J. delivered the opinion of the court.

SKINNER &
KENNEDY.
vs.
WESTERN
MARINE & FIRE
INSURANCE CO.
This is an action upon a valued policy, and the insured claim for a total loss by fire, which is one of the perils insured against. The merchandize insured was bulk pork, beans, and flour, valued at $3480, laden on board a flat-boat bound from Vicksburgh to New Orleans. The boat was destroyed by fire about thirty miles above New Orleans, except the bottom, which was afterwards floated down to the city with a remnant of the cargo, much injured by fire. That remnant amounted to 7723 lbs., represented by the port-wardens as the whole more or less damaged by fire and unmerchantable. It was sold at auction and brought $2\frac{3}{4}$ cents per pound.

The defendants deny all the allegations in the petition except the execution of the policy, and they further say that the plaintiffs never had on board the boat the articles or property insured, nor had they, with intention to defraud the defendants, the whole interest, valued by these respondents, at risk at any time at or since the said insurance and that the loss, if any, was occasioned by the fault or fraud of said petitioners.

There was judgment in the District Court for the defendants, and the plaintiffs appealed.

The defence in this court rests on two grounds, which have been argued, to wit: that the insured never had at risk the amount of produce represented by them, and that the loss was occasioned by their own fraud or fault; and secondly that the produce insured, was composed altogether of memorandum articles, and that a real total loss has not been shown so as to entitle the insured to recover.

The view we have taken of the second ground renders it useless to inquire into the first.

The doctrine in relation to memorandum articles is well settled at the present day; as it relates to them there is no constructive total loss. So long as they continue to be of any value the underwriters are not liable for a total loss. And from most of the cases, says Phillips, it seems that although

Memorandum articles are liable to no constructive or total loss, so long as they continue of any value; although they are so damaged as to be rendered absolutely of no value, still, if they remain *in specie*, or can be designated by the same name, the underwriters are not liable for a total loss.

they are so damaged, as to be rendered absolutely of no value, still if they remain *in specie*, if they so subsist that they may still be properly designated by the same name, the underwriters are not liable for a total loss; 1 Phillips, 487.

Lord Mansfield held in regard to a cargo of fish, which was absolutely spoiled, yet which arrived and still existed *in spe-cie*, so that it might still be called *fish*, that the assured could not recover. (Same.)

In the present case, flour and pork in bulk, are expressly declared by the policy to be warranted free from average unless general.

The pork which arrived in port amounted to about eleven per cent. of the alleged cargo, and although much damaged by fire, was yet easily recognized as pork. It has been contended that pork roasted or barbacued as this was, could no longer be properly called bulk pork. By bulk pork we understand that which is not put up in barrels; it is true, it is understood to be in its raw state, and not roasted, broiled or barbacued. But according to the current of authorities, the test is that it should remain *in specie*, and still properly designated by the same name. Now, although partially prepared for consumption by cooking, and having undergone a partial chemical change, the pork was still pork, and if not in barrels and packed up, was still in bulk, a mere accidental condition of the thing. A ham either boiled or roasted is still a ham, as much as a rotten fish is still a fish, although the former is no longer raw, and the latter by the process of decay may have become utterly useless, as an article of human food, yet still retained the external form of fish. The case of the rotten fish was certainly very strong—much stronger than roasted salt pork; the latter was still eatable, though not merchantable, while the former, by a slower chemical process of putrefaction had become loathsome. Both these cases are distinguishable from the *paté de foie gras*, supposed in the argument by the counsel for the appellant. It is true such a pie is no longer goose livers, but the reason is, not that the livers are cooked, but that being

EASTERN DIS.
July, 1841.

SK  *v.*  &
KENNEDY
*vs.*
WESTERN
MARINE & FIRE
INSURANCE CO.

So where a boat, loaded with pork in bulk, and some flour and beans, was partly destroyed by fire, but the bottom floated on to the port of destination, with about 11 per cent. of the cargo of pork, it being much roasted and barbacued, yet was recognized *as pork.* *Held* that the insurers were not liable as for a total loss.

EASTERN DIS.  combined with various other ingredients and condiments a new
July, 1841.  article of food is produced by the culinary art, believed to be
VAUGHAN  an agreeable compound.
vs.
WESTERN          In the present case we are of opinion that the plaintiffs have
MARINE & FIRE
INSURANCE CO.  failed to show, either that total physical extinction of the thing
insured or total destruction of value, which would entitle them
to recover under the policy.  A part of the cargo arrived at
the port of destination, deteriorated it is true, by fire, but still
*in specie.*  Nor was there in this case such a breaking up of
the voyage as authorized the insured to claim as for a total
loss.  The damage happened within a short distance of the
port of destination, and the bottom of the boat proceeded in
safety with a remnant of the cargo ; 1 Wheaton, 219 ; 2 Phil-
lips, 339.

The judgment of the District Court is therefore affirmed,
with costs.